## TOLEDO, PEORIA AND WARSAW R. R. CO. *v.* COOMES.

(January Term, 1866.)

APPEALS — *time of filing record, construction of act of* 1865. The time within which the transcript of the record is required to be filed in this court, in case of an appeal, under the act of February 16, 1865, must be computed from the day on which the judgment appealed from was rendered, regardless of the time when the court may be adjourned for the term.

Toledo, Peoria and Warsaw R. R. Co. *v.* Coomes.

On the 16th day of December, 1865, Upton Coomes recovered a judgment in the Circuit Court of McLean county, against the Toledo, Peoria and Warsaw Railroad company, in an action on the case, for the sum of seventy-five dollars damages.

On the 28th day of the same month the company prayed an appeal from that judgment to the Supreme Court, which was allowed, upon the company's entering into bond, etc. On the 2d day of January following, an appeal bond was filed in conformity with the order of the court allowing the appeal.

A transcript of the record was filed in the Supreme Court on the 19th day of January, 1866, which was the 16th day of the term.

Thereupon, on the same day, the appellee entered his motion to dismiss the appeal, because the transcript of the record was not filed within the time prescribed by the second section of the act of February 16, 1865, entitled "An act to amend the law allowing appeals to the Supreme Court."

Messrs. Tipton & Benjamin, for the motion.

Messrs. Williams & Burr, *contra.*

Per Curiam: It is agreed between the parties that the term of the Circuit Court at which the judgment appealed from was rendered was not adjourned until the 19th day of January, 1866, which was the 16th day of the present term of this court.

The proper disposition of this motion depends upon the construction to be given to the second section of the act of February 16, 1865 (Sess. Acts, p. 3), which provides that "authenticated copies of records, judgments and orders appealed from shall be filed in the office of the clerk of the Supreme Court, on or before the second day of the succeeding term of said court, provided twenty days shall have intervened between the date of the decree, judgment or order appealed from and the sitting of said Supreme Court; but, if ten days, and not twenty, shall have intervened, as aforesaid, then the

record shall be filed, as aforesaid, on or before the tenth day of said succeeding term."

It is contended by the appellant that the " date of the judgment appealed from " is the last day of the term of the court at which it is rendered; and, as that term was not adjourned until the day on which the transcript was filed in this court, it was filed within the proper time. But we do not so understand the act referred to. The time within which the transcript of the record is required to be filed in this court must be computed from the day on which the judgment appealed from was rendered, regardless of the time when the court may be adjourned for the term.

In this case the judgment appealed from was rendered on the 16th day of December, 1865. The present term of this court commenced on the 2d day of January, 1866. So, " ten days, and not twenty, intervened between the date of the judgment appealed from and the sitting of said Supreme Court; " and the record should have been filed on or before the tenth day of the present term. It was not filed until the sixteenth day of the term. The motion must, therefore, be allowed.

*Appeal dismissed.*