## JAMES E. KARNES *et al.*

### *v.*

### JOSHUA HARPER.

1. CHANCERY—*decree—lien of.* The lien created by the 14th section of the chancery code is general, and only where there is a money decree in a case *in personam* and not specifically in reference to lands or tenements.

2. The first clause of the 45th section creates a lien by decree on the lands in respect to which they are rendered; and the second clause authorizes the court, when a decree is pronounced requiring a party to perform some act other than for the payment of money, to make it a lien on the real and personal property of the party, until he shall perform the decree; and the third clause declares that such lien shall have the force and effect of, and be subject to, the same limitations and restrictions as judgments at law: *Held*, that the third clause refers to the second and not the first clause. And if it did refer to both, a decree foreclosing a mortgage being within the first clause, the lien would continue for seven years.

3. Under neither clause is it necessary to have a copy of the decree issued, to perpetuate the lien, as in chancery practice it is not usual to issue process to have a decree executed.

4. SALE—*under a decree—by master.* It is the decree which confers the power on the master to sell, while at law it is the writ issued on the judgment. If a master were to proceed to execute a decree without process, or a copy of the decree, and were to sell in conformity to its requirements, the sale would not be set aside; but, if a sheriff were to sell under a judgment without process, the sale would be void. The lien given by this section does not depend for its continuance on issuing process, or a copy of the decree within a year from its date, nor must a sale be made, on the foreclosure of a mortgage, within that time, and if not so made the lien will not be lost.

APPEAL from the Circuit Court of Henry county; the Hon. IRA O. WILKINSON, Judge, presiding.

The facts in this case are sufficiently presented in the opinion.

Messrs. SHAW & CRAWFORD, for the appellants.

Mr. O. E. PAGE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

A suit in equity was brought in the Henry Circuit Court, by appellee, against appellants, for the purpose of foreclosing a mortgage executed by Davenport and wife. It was charged by the bill that the other defendants claimed interests in the premises which were subject to the mortgage. Service was had on the mortgagors by publication, and on the 6th day of March, 1862, a decree was rendered, finding the sum due on the mortgage, directing its payment, and on default thereof, ordered the sale of the mortgaged premises.

Appellee afterwards, on the 9th day of May, 1863, assigned the decree to Thomas Mellon, who, on the 17th of September following, had the premises sold, and he became a purchaser under the decree. The master reported the sale, and defendant, Sherman B. Smith, excepted to the report, upon the ground that the sale had been made after the decree had ceased to be a lien, and insisted the sale could not be made in prejudice of the rights of third persons. Afterwards, at the October term, 1865, on a hearing of the exceptions, they were disallowed, and the sale was confirmed. At the June term, 1868, appellant filed a petition to be heard on exceptions to the master's report. The prayer of the petition was denied, from which action of the court an appeal was prayed, and the

record is brought to this court, and the refusal to grant the prayer of the petition is urged as ground of reversal.

No objection is urged against the former decree in this case, but it is insisted that appellant having appeared within three years after the refusal to set aside and vacate the master's report, he was within the chancery act allowing a non-resident defendant to appear and defend, within that time, by complying with the requirements of the statute. This proposition is denied by appellee. But, with the views we entertain of the case, we choose to place the decision of the case on other grounds, without determining that question.

It is insisted, that under the 14th section of the chancery code, or under the 45th, the lien of the decree was lost by failing to issue a copy of the decree or have the property sold within a year after the rendition of the decree. The 14th section of the chancery code declares that decrees for money shall be a lien on the lands and tenements of a party against whom it is rendered to the same extent and under the same limitations as a judgment at law. This section is intended to embrace general decrees for the payment of money, when the proceeding is *in personam,* and not specific and *in rem.* In a proceeding to foreclose a mortgage in chancery, the decree ascertains the sum due and orders the sale of the specific property for its satisfaction. It is in the nature of a decree *in rem.* The last clause of the 45th section, however, gives the lien to the same extent and subject to the same restrictions as liens created by judgments at law. This section provides for two liens, the first in cases where a decree is in respect to the real estate, to which the decree is pronounced. The second is in cases in which a decree is rendered for the performance of an act other than for the payment of money, and when the court declares the decree to be a lien on real and personal property until the decree shall be complied with by the party. It will be observed that the words "such lien," follow in immediate connection with the language creating the second lien

67—48TH ILL.

provided for by that section, and it manifestly refers to the latter and not the first. If it had been intended to apply to both, the plural and not the singular number would have been employed.

The first clause refers to decrees rendered in regard to lands, and declares that they shall be a lien on such lands, but imposes no restrictions upon the lien. . If this be the true construction of this section, it necessarily follows that the lien was not lost by a failure to have a certified copy of the decree issued within a year, or a sale made within the same period. But if this were not so, still these acts are not necessary to perpetuate the lien for seven years. We are aware of no case which has ever held that the presumption of satisfaction of a decree obtains if a certified copy of a decree is not issued within a year, as it does at law if an execution is not issued on a judgment within that time after the last day of court. When the lien of the judgment at law was created the statute recognized the common law presumption, and did not extend the lien to a judgment which the law presumed to have been satisfied, and which the plaintiff could not have executed without its revival. In this respect, the practice in the two courts materially differed. And the general assembly have not said that the presumption of satisfaction of a decree shall obtain after that time.

Again, a court of equity does not usually proceed by *fi. fa.* to execute its decrees. It orders its ministerial officer to execute its decrees, or the parties themselves, owing to the nature of the act required to be performed by the decree. It is the decree itself, and not process issued by the court that empowers the master to act; while at law, it is the fiat of the writ which empowers the sheriff to proceed to execute the judgment. If a master were to proceed to execute a decree, and should strictly pursue its requirements, his acts would not be vacated because he did not have a copy of the decree, but, on the contrary, if a sheriff were to attempt to execute a

judgment at law, by levying upon and selling property without an appropriate writ, such acts would be void. Hence, there is, under the chancery practice, no absolute necessity to issue a certified copy of the decree to enable the master to carry it into effect, and the language employed by the legislature does not require a change in the practice. And if the first clause of the 45th section does limit the lien to the same conditions as those of liens of a judgment at law, it must be understood as applying to the usual course of chancery practice, as it has provided for no change. And, as before observed, the lien would continue for seven years without issuing a copy of the decree within a year.

As the want of a sale within a year, at law, does not destroy the lien, but only the want of an execution, we do not see how it can be contended that the want of a sale under a decree could have that effect, as the claim is that the lien of the decree is the same as that of a judgment. A sale within a year after the rendition of decree for the sale of the land, was not, therefore, necessary to perpetuate the lien. And the sale having been made within seven years, was regular and valid, and the circuit court committed no error in refusing to grant the prayer of the petition to permit appellants to question the regularity of the master's report and the validity of the sale, and the decree of the court below must be affirmed.

*Decree affirmed.*