# AUGUST FISHER

*v.*

# THE NATIONAL BANK OF COMMERCE.

1. PRACTICE—*rule of court for trying cause out of its order on docket.* A rule of court whereby an action *ex contractu* may be brought to trial out of its order on the docket, upon the affidavit of the plaintiff, his attorney or agent, of a belief that the defense is made for delay, and notice to the defendant or his attorney, unless it is made to appear, by affidavit of facts in detail, that the defense is made in good faith, is void, as being inconsistent with the practice in such cases provided by statute. ·

2. SAME—*affidavit for speedy judgment.* To entitle the plaintiff to judgment by default in an action *ex contractu*, unless the defendant should file an affidavit that he believes he has a good defense, under sec. 36 of the Practice Act of 1872, the plaintiff must file with his declaration an affidavit, showing the nature of his demand and the amount due him from the defendant, after allowing to him all his just credits, deductions and set-offs. An affidavit by the plaintiff's attorney, that he believes the defense is made only for delay, is wholly insufficient to require any affidavit of merits from the defendant.

3. SAME—*must be uniform.* Under the constitutional provision requiring that the practice in all courts of the same class or grade shall be uniform, so far as regulated by law, where the practice in any respect is regulated by statute, the courts are prohibited from adopting rules inconsistent with such practice.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by the National Bank of Commerce of Chicago, against August Fisher, upon an indorsed promissory note. The defendant filed the general issue, and an affidavit of merits, as follows:

"August Fisher, being duly sworn, deposes and says that he is the defendant in the above entitled cause, and that he verily believes that he has a good defense to said suit upon the merits."

The defendant also filed a plea alleging full payment of the note to the payee thereof, and assignment thereof to plaintiff

after maturity; also a plea that the note was transferred by the payee to the plaintiff after maturity and without consideration, and that the same still belonged to the payee, Thomas K. Holden, who was indebted to the defendant in a sum greater than the amount of the note, and that the suit was brought for the benefit of the payee.

The cause was taken up and tried out of its place on the calendar, upon the following affidavit:

"E. A. Otis, of said county, being duly sworn, says that he is the attorney of the said plaintiff, and that he believes that the defense in said cause is made only for delay."

Mr. Allan C. Story, and Mr. Rufus King, for the appellant.

Mr. E. A. Otis, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

One of the rules of practice adopted by the Superior Court of Cook county, and claimed to be in force when the present cause was disposed of, is as follows:

"*Ordered*, that in any case *ex contractu* pending on an issue or issues of fact only, or only requiring the *similiter* to be added, which is noticed for trial at any term, if the plaintiff, or an attorney or agent of the plaintiff, shall make an affidavit that he or she believes that the defense is made only for delay, the plaintiff, by giving the defendant's attorney, or the defendant, if he or she do not appear by attorney, five days' previous notice with a copy of such affidavit that the plaintiff will bring on said case for trial at the opening of the court, on a day of such term to be specified in such notice, or as soon thereafter as the court will try the same, may proceed to a trial at the time specified in said notice, unless it shall be made to appear to the court, by affidavit of facts in detail, that the defense is made in good faith, when the case will remain to be tried in its regular order on the trial calendar."

The first and principal question is, was this a valid rule, and obligatory upon the parties to the present suit, under the con-

stitution and the statute then in force relating to practice in courts of record.

By sec. 29, art. 6, of the present constitution, it is provided: "All laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and *practice of all courts of the same class or grade,* so far as regulated by law,   \*   \*   \*   *shall be uniform.*" It was held in *The People ex rel.* v. *Rumsey,* 64 Ill. 44, and *Mitchell* v. *The People,* of the present term, that all special laws in conflict with this provision were abrogated by its adoption.

It only remains, then, to inquire whether the practice in courts of record, in respect to the matters embraced within the rule, was regulated by law, and, if so, is the rule in harmony with the law? We shall be enabled to determine this by reference to the act relating to Practice in Courts of Record, in force July 1, 1872.

By the 14th section of that act, the clerk is required, in docketing civil cases, to set them down in order, according to the date of their commencement. By the 15th section he is required to set and apportion the causes for as many days of the term as he may think necessary, or be directed by the judge, to which time all subpœnaes shall be made returnable. And by the 16th section, "all causes shall be tried or otherwise disposed of in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct."

The 36th section is: "If the plaintiff in any suit upon a contract, expressed or implied, for the payment of money, shall file with his declaration an affidavit, showing the nature of his demand and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment as in case of default, unless the defendant, or his agent or attorney, if the defendant is a resident of the county in which suit is brought, shall file with his plea an affidavit, stating that he verily believes he has a good defense to said suit, upon the merits to the whole or a portion of the plaintiff's demand, and if a portion, specifying the amount, (according to the best of his judg-

ment and belief.) Upon good cause shown, the time for filing such affidavit may be extended for such reasonable time as the court shall order. No affidavit of merits need be filed with a demurrer, plea in abatement or motion: *Provided*, that if the plaintiff, his agent or attorney, shall file an affidavit, stating that affiant is taken by surprise by such plea and affidavit of merits, that he believes that plaintiff has testimony to support his claim against the defendant, which he can not produce at that term of court but expects to produce by the next term, the court shall continue such cause until the next term."

The 37th section provides, that "when any part of the demand is upon an account, and the defendant shall suffer default for the want of an affidavit of merits or for non-appearance, or for *nil dicit*, the affidavit so filed with the declaration may be taken as *prima facie* evidence of the amount due upon such account, but the court may require further evidence."

The matters to which the rule of court and these sections relate, are thus seen to be the same, namely: the taking up and disposing of actions *ex contractu* out of their regular order on the docket, when there is no substantial defense. The practice in this class of cases, therefore, under the rule of the Superior Court, is different from what it is in the circuit courts, under the statute, and these courts are of the same class or grade.

If the plaintiff believes there is no valid defense to his claim, and desires a speedy judgment, under the statute he must file an affidavit with his declaration, showing the nature of his demand and the amount due him from the defendant, after allowing all his just credits, deductions and set-offs, if any; but, under the rule of the Superior Court, he is simply required to make an affidavit that he believes the defense is made only for delay. And the defendant, in such case, to entitle himself to a trial, under the statute is only required to file an affidavit with his pleas, stating that he verily believes he has a good defense to the suit upon the merits, while under the rule of the Superior Court he is compelled to make it appear to the court, by affidavit of facts in detail, that the defense is in good faith.

The practice, being regulated by law, must, under the constitution, be uniform; and, from whatever source the Superior Court may have assumed to derive its authority to adopt the rule, inasmuch as it is inconsistent with the general law, it is void and of no effect.

The affidavit filed by the plaintiff was insufficient to require the defendant to file an affidavit of merits with his pleas, but the affidavit of merits filed with the defendant's pleas was in strict conformity with the 36th section of the Practice Act, and the court erred in holding it insufficient, and trying the case, against the plaintiff's objections, out of its order.

There was no good and sufficient cause shown why the case should not have taken its course on the trial calendar, and been tried in its order, as other causes for trial were.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT and Mr. JUSTICE SHELDON: We concur in the conclusion, for the reason that the defendant had filed his affidavit of a defense upon the merits.