BRAINARD T. SMITH

*v.*

THE THIRD NATIONAL BANK OF ST. LOUIS.

1. PRACTICE—*directing trial of a case out of its order on the docket.* Under the Practice Act of 1872, the court has power, for good and sufficient cause, to order an immediate trial of a cause before it has been reached for trial in its order on the docket, and this independent of any rule of court.

2. What is good and sufficient cause for trying a case out of its order on the docket, must be determined by the court in the exercise of a sound legal discretion, and its decision in that regard is a matter that can not be reviewed, unless where there has been a flagrant abuse that works injustice.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN W. SHOWALTER, for the appellant.

Messrs. MATTOCKS & MASON, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

On the 10th day of the March term, 1874, of the Superior Court, plaintiff moved the court to enter upon the trial of this cause forthwith, but defendant objected, for the reason the cause had not then been reached for trial in its order upon the docket, nor had the cause been set for trial for any day in that term, or in any prior or subsequent term. Notwithstanding the objections, the court proceeded with the trial, and rendered judgment for plaintiff.

The action was in assumpsit, and the only plea was, the general issue. Whether the rule, which had previously been adopted in relation to the practice in that court, contravened any provision of the constitution, or whether it was inconsistent with the existing practice act, are not pertinent inquiries in the view we have taken. Independently of that rule, the court had the power, under the statute then in force, to order the cause to be tried out of the order it had been placed on the docket. The statute made it the duty of the clerk to set and apportion the causes for as many days of the term as he might think necessary or be directed by the judge, and then it is provided: "All causes shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct." Act of 1872, sections 15 and 16.

In this case no day had been set for the trial of the cause.

What position it occupied on the docket does not appear, except it had not been reached in its order when the motion for an immediate trial was made. Obviously, what is "good and sufficient cause" for trying a case out of the order it may have been placed on the docket, must be determined by the court, in the exercise of a sound legal discretion. Its discretion in that regard is a matter that can not be reviewed, unless where there has been a flagrant abuse that works injustice.

Nothing appears in this case to show there has been any abuse of that discretion with which the court is clothed. Upon notice given, an affidavit was filed, in substance that the defense was being made for delay. No counter-affidavits were filed. Properly enough the court might adjudge defendant had no defense whatever to the action. Such an inference was warranted by the silence of defendant. Had he shown cause against the motion, the presumption will be indulged the court would not have advanced the trial. Parties will not be permitted to captiously refuse to show cause against such a motion, and then invoke the equitable interposition of the court in their behalf.

Under the circumstances, the court decided there was "good and sufficient cause" for an immediate trial, notwithstanding the cause had not been regularly reached on the call of the docket, and, under the statute, independently of any rules of court, it had the clear authority to so order. Nothing was shown against the motion, and it not appearing defendant had any defense whatever to the action, there was no abuse of a sound discretion. How was defendant prejudiced by the decision of the court? What right was cut off, or of what privilege was he debarred? Clearly none, for he had no defense, nor even claimed to have any to the action. It was agreeable to right and justice that his creditor should have an immediate judgment, and under the law he was entitled to it.

The judgment will be affirmed.               *Judgment affirmed.*