Sea v. Glover.

## SIDNEY W. SEA

### v.

## JOSEPH O. GLOVER.

1. PROMISSORY NOTE—OPTION TO DECLARE THE WHOLE SUM DUE ON FAILURE TO PAY INTEREST.—An instrument in the usual form of a promissory note, with interest coupon notes attached, but containing a clause that if default be made in the payment of any installment of interest when the same becomes due, and such default shall continue for thirty days, then the principal sum shall, at the election of the holder of said note, become due and payable, such election to be made at any time after said thirty days, without notice, is such an obligation as is denominated in law a promissory note.

2. CONTRACT OF GUARANTY—NOT AFFECTED BY FORM OF THE NOTE.— In construing the contract of guaranty thereon, it is immaterial whether the instrument is technically a promissory note or not. It is an obligation, the performance of which the guarantor had a right to guarantee, and the undertaking of the guarantor is that the maker of the note shall meet his undertaking according to the terms and spirit of the contract, and on a failure so to do the contract of guaranty is broken, and the liability of the guarantor arises.

3. WHEN LIABILITY OF GUARANTOR BECOMES FIXED—NOTICE OF ELECTION.—The guarantor is liable on his contract when the holder of the note elects to declare the whole sum due by reason of default in payment of interest, even though the principal sum is not due, by the terms of the note. Bringing suit is sufficient notice of the election of the holder of the note to declare the whole sum due.

4. ADVANCING CAUSE—FIVE-DAY RULE.—Taking a case from its regular place on the docket and trying it out of its order, under the provisions of a rule of the Superior Court known as the five-day rule, is erroneous, the provisions of said rule being in contravention of the Constitution, and the statute regulating practice in courts of record.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding

· Messrs. McDAID & KNIGHT, for plaintiff in error; contended that the instruments sued on were not promissory notes, and cited Story on Prom. Notes, § 113; Parsons on Bills and Notes, 38; Kelly v. Hemmingway, 13 Ill. 605; Barker v. Athern, 35 Ill. 364; Alexander v. Thomas, 16 Q. B. 383; Hurschel v. Mahler, 3 Denio, 428.

That the notes had not matured when the action was commenced: Rev. Stat. 1874, Chap. 98, § 15; Ewing v. Bailey, 4 Scam. 420; Hall v. Jones, 28 Ill. 55.

As to the contract of guaranty, and that it had reference to the maturity of the notes as indicated on their face: 2 Parsons on Bills and Notes, 125; Klein v. Currier, 14 Ill. 237; Story on Prom. Notes, §§ 21, 27, 30, 31.

That the provision in the notes, that in default in payment of interest the whole might be declared due, is in the nature of a penalty: Tiernan v. Hinman, 16 Ill. 401.

That the court had no right to order the case advanced for trial under the five-day rule: Fisher v. Nat. Bank of Commerce, 73 Ill. 34; Kidder v. Rand et al. 73 Ill. 38; Angel et al. v. Plume & Atwood Mf'g. Co. 73 Ill. 412; Griswold v. Shaw, 79 Ill. 449.·

Mr. B. C. COOK, for defendant in error; upon the authority of the court to order the case advanced for trial, cited Wallbaum v. Haskin, 49 Ill. 313; Titsworth v. Hyde, 54 Ill. 386; Fisher v. Nat. Bank of Commerce, 73 Ill. 34; Smith v. Third Nat. Bank, St. Louis, 79 Ill. 118; Owens v. Ranstead, 22 Ill. 161.

MURPHY, P. J.   On the fourteenth day of December, 1877, the defendant in error instituted suit in the Superior Court of Cook county against the plaintiff in error upon the guaranty of two promissory notes, the first of which is as follows:

"$3,000.                    CHICAGO, ILLINOIS, May 9, 1874.

Five (5) years after date, for value received, I promise to pay to order of myself, the principal sum of three thousand

dollars, with interest thereon at the rate of ten (10 per cent.) per cent. per annum, payable half-yearly, to wit: On the 9th day of November and of May in each year, until said principal sum is fully paid, and both principal and interest payable at the office of J. D. Harvey, Chicago, Illinois."

" The several instalments of interest aforesaid, for said period of five (5) years, are further evidenced by ten interest notes or coupons of even date herewith."

" It is further expressly agreed that if default be made in the payment of any one of the instalments of interest aforesaid, at the time and place aforesaid, when and where the same becomes due and payable, and such default shall continue thirty days after such instalment becomes due and payable, as aforesaid, then, and in that event, the said principal sum of three thousand dollars shall, at the election of the legal holder thereof, at once become and be due and payable, anything hereinbefore contained to the contrary notwithstanding, such election to be made at any time after the expiration of said thirty days, without notice."

" The payment of this note is secured by trust deed on real estate in Chicago, Cook county, Illinois.

her<br>MARGARET+CORCORAN."<br>mark.

" Witness:

    CHARLES H. LAWRENCE,

    O. R. GLOVER."

To which is added a power of attorney to confess judgment thereon, in the usual form.

The second of said notes is the same in terms and tenor, differing only in date and amount, bearing date July 10th, 1874, and falling due on the 9th day of May, 1879, being for the sum of $500, with ten (10) per cent. interest, payable semiannually, the same as the other note. Upon the back of each of said notes is the following guaranty:

" For value received I hereby guaranty the payment of the within note at maturity, waiving notice and protest, with interest at ten (10) per cent. per annum till paid, and all costs and expenses paid or incurred in collection of the same.

"(Signed)    S. W. SEA."

22

To the declaration filed in said case, the plaintiff in error pleaded the general issue, and filed therewith his affidavit of merits as required by the statute; and afterwards on the 15th day of March, 1878, being the March term of said court, the court on motion of the defendant in error, advanced said cause out of its order upon the docket, impaneled a jury, and tried and disposed of the same, resulting in a verdict and judgment against the plaintiff in error, to which he excepted and brings the record here on error, and asks a reversal upon the grounds, first, that the court erred in advancing said cause out of its order on the docket against the objections of the plaintiff in error; second, that the court erred in ordering said cause to be tried out of its order on the docket; and that the evidence does not sustain the verdict. There are many other errors assigned, a consideration of which is deemed unnecessary.

It is urged by the plaintiff in error that the suit is prematurely brought upon the guaranty against the plaintiff in error; that by the terms of the notes they would mature on the 9th day of May, 1879, and insists that the import and extent of his undertaking as guarantor was that he would pay said notes if they were not paid by the maker at that time, and that he is not liable upon his guaranty to pay said notes sooner, notwithstanding the holder should, in pursuance of the stipulations contained in said note, declare the whole, both principal and interest, due for the non-payment of the interest for a period of thirty days or upward, and that his obligation imposes no liability upon him to pay sooner than the 9th of May, 1879. It is also insisted by him that the obligation guaranteed by him is not a promissory note, and is therefore not to be governed by the rules of law applicable to such obligations. We have examined the authorities to which we have been referred upon that subject, and reached the conclusion that it is such an obligation as is denominated by the law a " promissory note," and as such negotiable; but for the purposes of this determination we regard it as wholly immaterial whether it be technically a promissory note or not; it is an undertaking; it is a contract, as admitted by the plaintiff in error, for the payment of money; it is an obligation, the performance of which he had a right to

Sea v. Glover.

guaranty, and we think the contract of guaranty is broken whenever the maker fails to perform any material part of the contract thus guaranteed. The undertaking of the plaintiff in error is, that the maker of the note shall meet her undertaking according to the terms and spirit of her contract; she not having done so, his contract of guaranty is broken, and his liability thereupon arises. Hall v. Jones, 32 Ill. 38.

By the terms of the note, if the interest remain unpaid for 30 days, it became the right of the holder to elect to declare the same due. He held said note for 30 days then, giving 3 days of grace, and then declared the entire note due; but it is insisted by the plaintiff in error, that he should have had notice of such election before suit brought. We think there is nothing in this point. A note payable on demand has been held to become due by bringing suit thereon, thus treating the suit as a demand, at once making the note due and proceeding to its collection by the same acts. *Supra.*

To the same effect our own Supreme Court have held in several cases, so that we think the holder of this note had the right to declare it due, as he did, and that the bringing of suit was notice of such election.

The question raised by the first assignment of error, namely, the advancement of the case out of its order upon the docket under the following rule: "Ordered, that in any case *ex-contractu* pending on an issue or issue of fact only, or only requiring the similiter to be·added, if the plaintiff or an attorney or agent of the plaintiff shall make an affidavit that he or she believes the defense is made only for delay, the plaintiff by giving the defendant's attorney or the defendant, if he or she do not appear by attorney, five days' previous notice, with a copy of such affidavit, that the plaintiff will bring on said case for trial at the opening of court on a day to be specified in said notice, or as soon thereafter as the court will try the same, may proceed to a trial, at the time specified in said notice, unless it shall be made to appear to the court by affidavit of facts in detail, that the defense is made in good faith, when the case will remain to be tried in its regular order on the trial calendar," is a question which we had considered settled by

this court and the Supreme Court of the State; but it is urged by distinguished counsel with great ingenuity and plausibility, that the question is yet an open one, and insists that the holdings of the Supreme Court in the case of Smith v. Third National Bank of St. Louis, 79 Ill. 120, is at variance with that of Fisher v. National Bank of Commerce, 73 Ill. 34, and the case of Angel v. Manufacturing Company, Id. 412. The learned counsel for the defendant in error, refers to the cases of Wallbaum v. Haskins, 49 Ill. 314, and Titsworth v. Hyde, 54 Ill. 386, as instances in which this same rule was held valid by that court. This was at a time when such rule contravened no constitutional provision or express law, and when the right was accorded to courts of general jurisdiction to regulate in great measure, rules of practice of their own court; but since the adoption of Section 29, Article 6, of the present constitution, providing that "all laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law * * * shall be uniform," it is obvious that a different rule must prevail.

By an act in regard to practice in Courts of Record, approved February 22d, 1872, it will be seen that the legislature has assumed to regulate by law the practice in the Circuit Courts of this State and the Superior Court of Cook county; and if it shall be found that this rule prescribes a practice different from that prescribed by the legislature, it will follow that it is illegal and void. It having been provided by the 14th and 15th sections of said act, that civil cases shall be set down by the clerk upon the docket according to the date of their commencement, and be apportioned for as many days of the term as he may think necessary, to be directed by the judge, to which time all subpœnas shall be made returnable. And by the 16th section, "All causes shall be tried or otherwise disposed of in the order they are placed on the docket, unless the court for good and sufficient cause shall otherwise direct."

The 36th section provides: "If a plaintiff in any suit upon a contract, express or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his

Sea v. Glover.

demand and the amount due him from the defendant after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment as in case of default, unless the defendant or his agent or attorney, if the defendant is a resident of the county in which suit is brought, shall file with his plea an affidavit stating he verily believes he has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and if a portion, specifying the amount (according to the best of his judgment and belief). Upon good cause shown, the time for filing said affidavit may be extended for such reasonable time as the court shall order; no affidavit of merits need be filed with a demurrer or plea in abatement or motion, provided if the plaintiff, his agent or attorney shall file an affidavit stating that affiant is taken by surprise by such plea and affidavit of merit, and that he believes that plaintiff has testimony to support his claim against the defendant which he cannot produce at that term of court, but expects to produce by the next term, the court shall continue such cause until the next term." As the Supreme Court say in Fisher v. National Bank of Commerce, page 37, the matters to which the rule of the court and this section relate would thus seem to be the same, namely, the taking up and disposing of actions *ex contractu* out of their regular order on the docket when there is no substantial defense. The practice in this class of cases therefore under the rule of the Superior Court is different from what it is in the Circuit Court under the statute, and these courts are of the same class or grade. If the plaintiff believes there is no valid defense to his claim and desires speedy judgment under the statute, he must file an affidavit with his declaration, showing the nature of his demand and the amount due him from the defendant, after allowing all just credits, deductions and set-offs, if any. But under the rule of the Superior Court he is simply required to make affidavit that he believes the defense is made only for delay; and the defendant in such case, before the time of going to trial under the statute, is only required to file an affidavit with his plea, stating that he verily believes he has a good defense to the suit upon the merits, while under the rule

of the Superior Court, he is compelled to make it appear to the court by affidavit of facts in detail that the defense is in good faith. The practice being regulated by law, must under the Constitution be uniform, and from whatever source the Superior Court may have assumed its authority to adopt the rule, inasmuch as it is in conflict with a general law, it is void and of no effect. A remedy is provided by this statute for parties having a meritorious cause of action *ex-contractu*, by which he can obtain a speedy disposition of his cause, he can by filing an affidavit with his declaration showing the nature of his demand and the amount due him from the defendant, after allowing the defendant all his just credits, deductions and set-offs, and if the defendant does not then file an affidavit of merits with his plea, he is entitled to judgment by default. The practice being regulated in this respect by law, must, by the Constitution, be uniform in all courts of the same class or grade. And the Superior Court of Cook county is of the same " class or grade " of the Circuit Court of this state. In the light of these authorities from our own Supreme Court we cannot entertain a doubt that the rule in question and by virtue of which this case was advanced upon the docket and tried out of its order, contravenes the plain provision of the law regulating the practice in that regard founded upon the Constitution as above quoted. This court at this term in the case of Nelson v. Akeson, had this subject before it, and after mature consideration held the foregoing rule to be inoperative and void. It only remains to be seen whether the position taken by the learned counsel for the defendant in error, that the two cases above referred to are overruled by the same court in the case of Smith v. Third National Bank of St. Louis, 79 Ill. 118 is borne out by a proper interpretation of the decision in that case. It is urged by the defendant in error that that case is in all respects the same in principle as the one under consideration, and that the decision in that case is decisive of this. That was a case appealed from the Superior Court of Cook county to the Supreme Court, and one of the errors assigned was that the cause had been advanced and tried out of its order upon the docket. But it does not appear from the case that it was so

Sea v. Glover.

advanced by virtue of the rule in controversy in this case; and the court in that case say: "Whether the rule which had previously been adopted in relation to the practice in that court, contravened any provision of the Constitution, or whether it was inconsistent with the existing Practice Act, are not pertinent inquiries in the view we have taken." It is not doubted that the statute has conferred power upon the Circuit Court and the Superior Court of Cook county, for good and sufficient cause to advance and try a case out of its order upon the docket. The objection is, that by a rule uniform in its application to all cases coming within its purview, amounting as it were, to a law of that court—and in that differing from the exercise of discretionary power contemplated by the statute, to advance a case for trial for good and sufficient cause shown.

In that case, upon notice given, an affidavit was filed in substance that a defense was being made for delay. No counter affidavits were filed. Properly enough the court might adjudge defendant had no defense whatever to the action. Such an inference was warranted by the silence of the defendant. Had he shown cause against the motion, the presumption will be indulged, the court would not have advanced the trial. Parties will not be permitted to captiously refuse to show cause against such a motion, and then invoke the equitable interposition of the court in their behalf. "Under the circumstances the court decided there was 'good and sufficient cause' for an immediate trial, notwithstanding the cause had not been regularly reached on the call of the docket, and under the statute, independently of any rules of court, it had the clear authority to so order. Nothing was shown against the motion, and, it not appearing defendant had any defense whatever to the action, there was no abuse of a sound discretion."

In this case, as distinguished from that, the defendant filed his affidavit of merits as required by the statute, notwithstanding which the case was advanced out of its order on the docket and tried by virtue of this rule, which we have shown to contravene the Constitution and the law of the State, and therefore to be of no effect; and we think there is nothing in the case of Smith v. Third National Bank of St. Louis that in any way

conflicts with the decisions upon that subject first above referred to, both of the Supreme Court and this Court. So in the light of these authorities, we think it was error to advance and try said cause by virtue of said rule out of its order on the docket, for which error the judgment of the court below is reversed, and the cause remanded.

Judgment reversed.