OLOF BENSON

*v.*

GUSTAV JOHNSON.

1. PRACTICE—*five-day rule, void.* The rule of the Superior Court of Cook county known as the "five-day rule," by which a case may be taken up and disposed of out of its order on the docket, is inconsistent with the practice as established by general law, and void.

2. The provision in the Practice act that a case may be tried out of its order on the docket, for good cause, does not authorize the adoption of a rule such as the "five-day rule."

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. MORTON CULVER, for the appellant.

Messrs. MOSNESS & UNDERWOOD, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment rendered in the Superior Court of Cook county, where the cause was taken up and tried out of its order on the docket, under what is known as the "five-day rule" in that court. The power of the court to adopt that rule was considered by this court in *Fisher* v. *The National Bank of Commerce*, 73 Ill. 34, and it was there held, that the rule was inconsistent with the practice as established by general law, and was void. The decision in the *Fisher case* has been followed and adhered to in every case where the question has since arisen, and it will not be necessary here to enter upon a discussion of the merits or demerits of that decision. The question of practice involved was settled in the *Fisher case* after mature deliberation. We believe it to be right, and it will not be disturbed.

It is, however, contended by appellee, that the decision in this case may be sustained by *Smith* v. *The Third National*

*Bank of St. Louis,* 79 Ill. 118. In that case, under a section of the Practice act which provides that "all causes shall be tried or otherwise disposed of in the order they are placed on the docket, unless the court, for good cause, shall otherwise direct," it was held, that a circuit court has power, for good and sufficient cause, to order a cause tried before it has been reached for trial on a call of the docket. The decision is but a reiteration of the statute, but there was no intimation in the decision that a court has the power to adopt a rule of practice like the "five-day rule," and take up and try causes under it; nor is there anything said in that case intended to overrule or in the least militate against the decision of this court in *Fisher* v. *The National Bank of Commerce,* and subsequent cases where the doctrine of the *Fisher case* has been followed.

In the case under consideration no good cause was shown for a trial of the cause out of its regular order on the docket, but the case was taken up and tried under a rule of the court which conflicts with the law of the State. For this reason the judgment must be reversed and the cause remanded.

*Judgment reversed.*