## WILLIAM B. CLAPP

### *v.*

### ALBERT RAUCH.

1. PRACTICE—*rule for trying cases out of their order.* A rule of court for the trial of cases out of their order on the docket, upon notice and motion based upon affidavit of the plaintiff's attorney that he believes the defense is only made for delay, is void, and repugnant to the Practice act, and the constitution requiring uniformity of practice in courts of record, and it is error to advance a cause under such a rule.

2. SAME—*trying cases out of order on docket.* The statute authorizes causes to be tried out of their order when sufficient cause exists, but it does not con-

template a rule of this character; that would defeat the statute itself. Belief of counsel, sworn to, that a defense is made merely for delay, does not afford the necessary ground for trying a case out of its order.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Mr. J. W. WAUGHOP, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought in the Superior Court of Cook county, on a promissory note for $750, executed by appellant to the American Manufacturing Company, bearing ten per cent interest. There was one special count on the note, and the usual common counts were attached. Plaintiff filed with the declaration an affidavit of the amount claimed to be due. Defendant interposed the plea of the general issue, and filed therewith an affidavit of merits in accordance with the statute in relation to practice.

Under leave of the court defendant subsequently filed a number of special pleas. They were, fraud in obtaining the note, want of consideration, representations and guaranty by payee that dividends from stock for which the note was given would pay it, and averring the representations were falsely made, etc., and that plaintiff received the note with full knowledge of all defenses, and received it after maturity. Defendant also filed two pleas verified by affidavit, denying the indorsement of the note by the payee. To all the pleas plaintiff filed replications.

Defendant also, on filing the special pleas, filed an affidavit setting out in detail the particulars of his defense. Subsequently, and after issue had been joined on the pleas, plaintiff's attorney filed an affidavit stating that he believed that the defense was only made for delay, and he served notice on defendant that he would, on a day specifically named, bring

the case on for trial. On the day named plaintiff moved the court that the case be taken up and tried out of its order on the docket, which motion was allowed by the court, and the cause taken up and tried out of its order and before it was reached in its order under the five-day rule of the court;—to all of which defendant objected and at the time excepted, and now urges a reversal of the judgment rendered against him on the trial.

We have held that the rule under which appellant was compelled to proceed to trial in this case, before it was regularly reached on the docket, was void, and repugnant to the Practice act, and the constitution requiring uniformity of practice in courts of record. See *Fisher* v. *National Bank, etc.* 73 Ill. 34, *Angel* v. *Plume and Atwood Manufacturing Company,* id. 412; *Griswold* v. *Shaw,* 79 id. 449, and *Coursen* v. *Hixon,* 78 id. 339. These cases are conclusive, and require a reversal of the judgment in this case.

The statute authorizes causes to be tried out of their order when sufficient cause exists, but it does not contemplate a rule of this character; that would defeat the statute itself.

In this case there were no grounds shown except those specified in the rule, and they do not afford the necessary grounds for trying the case out of its order.

The judgment must, therefore, be reversed, and the cause remanded.

*Judgment reversed.*