ELLIOTT ANTHONY *et al.*

*v.*

THE INTERNATIONAL BANK.

93  225
36a 427

93   225
99a 4257

93   225
197  4373

1. CONSTITUTIONAL LAW—*corporation with some banking powers.* The act incorporating the International Mutual Trust Company, passed in 1867, and conferring upon it some banking powers, but not that of issuing bills to circulate as money, without submitting the same to a vote of the people, is not in contravention of the constitution of 1848 then in force.

2. CORPORATION—*presumption as to seal in copies.* Where a certified copy of an instrument executed in behalf of a corporation and as its act, shows, after the name of 'the president, the word (seal), this affords *prima facie* evidence that it is the seal of the corporation. It is not necessary to make a *fac simile* of the corporate seal in the copy.

3. SAME—*sufficiency of certificate showing change of name.* A certificate of a president of a corporation showing a change in its name, that at a special meeting of the stockholders of the company held at its office on a certain day and called in pursuance of and in strict conformity with the statute on the subject, at which meeting over two-thirds of the stock of the company was duly represented, a resolution was passed unanimously to change the name of the company to that of another, which is given, is sufficient under the statute.

4. PRACTICE—*trying case out of its order.* Where a cause is set for trial out of its order on the docket, and the record only shows that the defendant objected to the same, this court can not say but that the action of the court was proper under section 16 of the Practice act.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

This was an action of debt, by the International Bank against Elliott Anthony, Robert H. Foss and John A. Lomax, upon an appeal bond signed by them on the appeal of a case from the Superior to the Appellate Court.

15—93 ILL.

The issues presented by the pleas involved the validity of the charter and the constitutionality of the act of incorporation, the power of the company to change its name, and its right to sue and be sued.

In respect to the change in the name of the corporation, it appeared from the certificate of the president that at a special meeting of the stockholders held at the office of the company, and called in pursuance of the statute, over two-thirds of the stock of the company being represented, a resolution was passed unanimously to change the name of the company, and the new name so adopted was stated.

A trial was had resulting in a verdict and judgment in favor of the plaintiff, to reverse which the defendants prosecute this appeal.

Mr. ELLIOTT ANTHONY, for the appellants:

1. Although the constitution of 1848 has ceased to be a rule for the guidance of the departments of government, still all laws adopted whilst in force, and all rights acquired under it, must be tried and enforced as though it was in full force and vigor. *The People* v. *Trustees of Schools,* 78 Ill. 140; *The People* v. *Dupuyt,* 71 id. 656.

2. When a constitution has prescribed the form or mode of passing laws, those forms or modes are in the nature of limitations and must be obeyed. *Law* v. *The People,* 87 Ill. 392; *Ryan* v. *Lynch,* 68 id. 163; *Jacoby* v. *Spangler,* 14 id. 298; *Turley's Heirs* v. *Logan County,* 17 id. 152; *People* v. *Hatch,* 33 id. 9; *People* v. *Starne,* 35 id. 133; *Newell* v. *People,* 7 N. Y. 35; *Green* v. *Graves,* 1 Doug. (Mich.) 351; *People ex rel.* v. *Board of Supervisors,* 52 N. Y. 558; Cooley Const. Lim. 165, 214.

3. A bank, in commercial law, is a place for the deposit of money. The word is derived from the Italian *banco,* a bench.

An institution, generally incorporated, authorized to receive deposits of money, to lend money, and to issue promissory notes, usually known by the name of bank-notes, *or* to perform.

*some one* or more of these functions. They are said to be of three kinds, viz: of deposit, of discount, and of circulation. Bouvier Law Dic., Banks; 1 Encyclopedia Americana, Banks; *Seldon* v. *Equitable Trust Co.* 94 U. S. 419; *Northrup* v. *Shook,* 10 Blatch. 243; *Clark* v. *Bailey,* 11 id. 156; *People* v. *Utica Ins. Co.* 15 Johns. 394; *Curtis* v. *Leavett,* 15 N. Y. 52–56.

A company or an association which is organized for the purpose of *dealing in* money and engaging in moneyed transactions, possesses "banking powers." *People* v. *Manhattan Bank,* 9 Wend. 351; *Bank for Savings* v. *The Collector,* 3 Wall. 512. The term "banking powers," as used in sec. 5, art. 10 of the constitution of 1848, is not limited and confined to *all* of the powers which banks may possess, and the prohibition and limitation in said section includes:

1. *All* acts, whether general or special.

2. Its language is not only prohibitory, but *mandatory* upon the legislature.

3. And if the legislature does pass a law, general or special, authorizing or organizing banking associations or banking corporations without having it submitted to the people, and its approval by a vote of the people, such law is absolutely void anywhere and everywhere.

For a full discussion of the whole subject of the unconstitutionality of laws incorporating banks, see *Green* v. *Graves,* 1 Doug. 351; *Hulburt* v. *Britain,* 2 id. 192; *Utica Ins. Co.* v. *Scott,* 19 Johns. 1; Moore on Banking, 1.

4. The argument that the effect of declaring a statute unconstitutional would be disastrous, should have no force. *Law* v. *People,* 87 Ill. 395; *Chance* v. *Marion County,* 64 id. 68; *People* v. *Cowles,* 13 N. Y. 360; Cooley Con. Lim. 84, 4th ed. and note, and the remarks of the judges in the following cases: *Greencastle* v. *Black,* 5 Ind. 565; *Oakley* v. *Aspinwall,* 3 N. Y. 568; *Bank of Utica* v. *Wager,* 2 Cowen, 753; *Waters* v. *Stewart,* Caine's Cases in Error, 66. *Newell* v. *The People,* 7 N. Y. 119; *Fletcher* v. *Peck,* 6 Cranch, 87.

The sole duty of the court is to declare the law, and thereby teach legislators, as well as everybody else, that whatever may be the consequences, the law must be obeyed. *Law* v. *The People*, 87 Ill. 392; *Chance* v. *Marion County*, 64 id. 68–69; Cooley on Con. Lim. 5; *The People ex rel.* v. *Supervisors, etc.* 52 N. Y. 558; *City of Springfield* v. *Edwards*, 84 Ill. 632. Counsel for the plaintiff contends that the General Assembly, while acting under the constitution of 1848, chartered a large number of banks or corporations like the one in question, but neither length of time, nor repeated violations of a constitution can sanction the abuse. Cooley's Con. Lim. 85–86; *People* v. *Allen*, 42 N. Y. 384; *State* v. *Maynard*, 14 Ill. 419; *C. C. Ry. Co.* v. *People*, 73 id. 553; *Oakley* v. *Aspinwall*, 3 N. Y. 568; *Law* v. *People*, 87 Ill. 395; *Green* v. *Graves*, 1 Doug. 351; *Hulbert* v. *Britain*, 2 id. 192; *People* v. *Hatch*, 33 Ill. 9; *C., D. and V. R. R. Co.* v. *Smith*, 62 id. 271; *People ex rel.* v. *McRoberts*, id. 41.

7. All corporations, public and private, exist and can exist only by virtue of express legislative enactment, and when the statute is a public law, the court is bound to take notice of it and determine whether it is in conflict with the constitution. A *quo warranto* therefore in such cases is not necessary. *People* v. *Staine*, 35 Ill. 137; *Ryan* v. *Lynch*, 68 id. 163; *Utica Ins. Co.* v. *Scott*, 19 Johns. 1; *Stowe* v. *Flagg*, 72 Ill. 397; *Green* v. *Graves*, 1 Doug. 358; *Lloyd* v. *Loaming*, 6 Vesey, 773 and note; *Lanison* v. *P., A. and D. R. R. Co.* 77 Ill. 16.

Mr. JOHN P. AHRENS, for the appellee:

Appellants, by executing the appeal bond to the appellee, in which they recite that the appellee is a "corporation organized and existing under the laws of Illinois," are estopped from denying appellee's corporate existence, whether the act of incorporation be constitutional or not. *Mitchell* v. *Deeds*, 49 Ill. 419; *Arnot* v. *Friel*, 50 id. 175; *Smith* v. *Whitaker*, 11 id. 417; *Herrick* v. *Swartwout*, 72 id. 342.

The legality of the act of incorporation can not be questioned

collaterally in this suit. It can only be made by the State. *Baker* v. *Backus*, 32 Ill. 110; *Stone* v. *Great Western Oil Co.* 41 id. 85; *Ramsey* v. *P. M. and F. Ins. Co.* 55 id. 314; *Tarbell* v. *Page*, 24 id. 46.

As to the point made that the corporate seal did not appear from the copy of the certificate of the change of name, reference was made to *Phillips* v. *Coffee*, 17 Ill. 157, and *Ill. Cent. R. R. Co.* v. *Johnson*, 40 id. 37.

As to trial of the case out of its order, the counsel cited *Clark* v. *Mayfield*, 77 Ill. 260; *Reiman* v. *Ater*, 88 id. 299.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The main question in this case, the constitutionality of the act of incorporation of the International Mutual Trust Company, has been determined in favor of its constitutionalty in the case of *The People ex rel.* v. *Lœwenthal, ante,* p. 191.

The further question is made in this case that there was no competent evidence of the change of name to the International Bank—that the certificate of the fact required to be filed with the Secretary of State was under the private seal of the president of the corporation, instead of being, as it should have been, under the seal of the corporation; and that the certificate does not set forth the facts of the case as required.

In the copy made by the Secretary of State, introduced in evidence, there appears affixed to the name of the president the following, "(seal)." The seal affixed affords *prima facie* evidence that it is the seal of the bank. *Phillips* v. *Coffee*, 17 Ill. 157. It was not necessary for the secretary to make a *fac simile* of the corporate seal. *Ill. Cent. R. R. Co.* v. *Johnson,* 40 Ill. 37. We fail to perceive wherein the certificate omits to state anything required by the statute.

It is further objected that the court took up and tried the case out of its order on the docket. All that appears in this respect is, that defendants objected that the cause, according to law and the rules of the court, could not be taken up and tried out of its order; but the court overruled the objection, took

the case out of its order, and set the case down for trial on the 1st day of May, 1879, to which defendants excepted—the order being made April 26, 1879. For aught that appears in the record the action of the court in this respect may have been proper under section 16 of the Practice act, that "all causes shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court for good and sufficient cause shall otherwise direct."

Finding no error the judgment of the Superior Court is affirmed.

*Judgment affirmed.*