MARY A. CROSBY AND FRANK CROSBY, IMPLEADED, ETC.,

v.

JOHN C. KIEST.

SAME

v.

JOHN KELLY AND D. B. SHERWOOD.

*Foreclosure—Practice—Trial of Causes—Notice—Negligence—Sec. 14, Chap. 77, R. S.—Sec. 17, Practice Act.*

1. Whether there is "good and sufficient cause" for trying a cause otherwise than in the order in which it is placed on the docket, as provided in Sec. 17, Practice Act, is a question for the court.

2. Where a party is duly notified of the time and place set for the trial of a cause, and fails to appear or object, he can not, on appeal, complain because the cause was tried out of its proper order.

3. Sec. 14, Chap. 77, R. S., providing for the advertisement of the time and place of sale under judgment or decree, applies only to sheriff's sales under execution.

4. In chancery causes the court fixes the time and place of sale.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. FRANK CROSBY, for appellants.

Messrs. HOPSON & HOLLEMBEAK, for appellees.

LACEY, J. Appellee Kiest, December 23, 1887, filed his bill to foreclose mortgage executed by appellants, Mary A. and Frank Crosby. The bill shows that they executed their mortgage on certain real estate in the city of Elgin, to secure a note of $2,000, dated February 28, 1885, payable in two years, with interest at seven per cent, averring non-payment,

etc., and praying foreclosure. The bill averred that D. D. Sherwood, John Kelly and R. B. Chisholm claimed some interest in the mortgaged premises, which was subject to the appellee's mortgage. The above named Kelly, Chisholm and Sherwood waived service of process and entered their appearance. The Crosbys answered October 22, 1883, admitting the execution of the note and mortgage, and while admitting the non-payment of any part of the principal or of interest accrued since February 2, 1886, they aver that they were ready and willing to pay interest due for second year, and still are, but that appellee has refused to accept the same ; that the two thousand dollar loan was procured through one Grote, acting for appellee, who agreed when first year's interest was paid, that payment of principal might be deferred for three years longer than the period named in the note; that appellee and Grote absolutely refused to receive the second year's interest, when it was due and offered by appellants, and demanded payment of principal.

Appellants, by way of cross-bill, set up foregoing agreement and refusal of appellee to fulfil the same, and pray that appellee's bill of foreclosure be dismissed upon payment by them into court of the amount due under such agreement. Kelly and Sherwood filed answers and cross-bill, claiming a note and mortgage of $300 against appellants, but as appellees Kelly and Sherwood have been fully paid by appellants, and the trust deed and the said decree fully released by said Kelly and Sherwood, as appears by their written stipulation and copy of record of former release, which has been filed in this court, we need not further notice them and their decree, or appellants' second and third objections to the Kelly and Sherwood portion of the decree.

The decree of foreclosure was found in the original bill.

The certificate of evidence shows that the cause was reached for hearing on June 21, 1889, on the regular chancery docket of the April term, 1889; appellants, together with the complainant in the original bill and his solicitor being absent, the cause was passed. Notice to appellants served June 22, 1889, signed by appellee's solicitors, that on the 25th day of the

Crosby v. Kiest.

same month, at 10 o'clock A. M., appellee would ask the court to enter decree of foreclosure, in accordance with the prayer of appellee's bill and Kelly's cross-bill. On June 25, 1889, in the absence of appellants and their solicitor, the cause was taken up for final hearing, and proof made in open court that there was due on the note $2,465.50, for which amount decree was passed in favor of appellee.

Appellants entered exceptions to the decree in the court below. It is claimed by the appellants that the cause was not lawfully taken for final hearing and that the action of the court in so doing was contrary to Sec. 17 of the Practice Acts, which provides: " All causes shall be tried or otherwise disposed of, in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct."

We do not think the point is well taken.

According to said section the court had a perfect right to dispose of the case otherwise than in the order it was placed on the docket, if there were good and sufficient cause, and of this the court was the judge.

We are not informed by the bill of exceptions what the cause was. " The statute gives the court discretionary power to try a cause out of the order in which it stands on the docket for trial, and, until rebutted, we must presume the discretion was properly exercised."

The above quotation was taken from the opinion in the case of Reiman v. Ater et al., 88 Ill. 299. It appears from the bill of exceptions that the appellants had timely notice of the time and place set for trial of the cause ; they entirely failed to appear to interpose any objection to the cause being then tried or to make any defense whatever, and in view of such negligence we do not think that the appellants have any proper standing in this court to insist on a point like this, wholly technical, and not going to the merits of the case. We also cite Smith v. Third National Bank of St. Louis, 79 Ill. 118; Griswold v. Shaw et al., Id. 449 ; Gardner et al. v. Baker et al., Id. 448; Clock et al. v. Marfield, 77 Ill. 258; Anthony et al. v. Int. Bank, 93 Ill. 225.

It is objected that the court erred in not providing in the decree that the sale should be advertised for three successive weeks, and Section 14, Chapter 77, R. S., is cited. But this section only applies to sheriff's sales under execution, and not to sale in equity. In chancery cases the court fixes the time of sale. Augustine et al. v. Doud, 1 Ill. App. 592; Karnes v. Harper, 48 Ill. 527. Sections 42, 47 and 48 of the Chancery Act authorize the court to make and regulate the enforcement of decrees. See, also, Puterbaugh's Chan. Prac. 392, 2d Ed. Finding no error in the record the decree of the court below is affirmed.

*Decree affirmed.*