# THE PEOPLE *ex rel.* JAMES T. ELY *et al.*

*v.*

# JULIAN S. RUMSEY.

1. OFFICIAL STENOGRAPHIC REPORTERS—*act abrogated by constitution.* The act of the legislature authorizing the appointment of official reporters in the courts of Cook county being a special act, not of uniform operation throughout the State, was abrogated by the constitution of 1870.

2. CONSTITUTION OF 1870—*construction.* Notwithstanding section 6 of the schedule authorized all persons holding office to be continued in the same until removed, yet if the constitution, in any of its provisions, has repealed the law under which the appointment was made, then the appointment must cease. '

3. SAME—*effect on special legislation in respect to courts.* Section 29 of article 6 of the constitution of 1870 was intended to abrogate all special legislation in regard to courts of a particular county or circuit, and to establish uniformity in the powers, practice and proceedings of all the courts of the State of the same class or grade.

4. A constitutional provision designed to remove an existing mischief should never be construed as dependent for its efficacy and operation upon legislative will.

This was an application in this court for a *mandamus* against Julian S. Rumsey, treasurer of Cook county, to compel him to pay the petitioners for their services as stenographic reporters in a certain suit in the courts of Cook county.

The relators had been appointed reporters by the judges of the courts of Cook county under the act of March 6, 1867, entitled "An act for the appointment of official reporters and for the preservation of evidence in certain cases in Cook county."

The relators were appointed under this act by the judges of the superior court of Chicago, of the circuit court of Cook county, the recorder's court of the city of Chicago, and the county court of Cook county, before the adoption of the constitution of 1870, but the services were performed since it took effect.

· Messrs. BECKWITH, AYER & KALES, for the relators.

Mr. JAMES P. ROOT, for the respondent.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

In this case the petition for a *mandamus,* by consent of parties, stands in place of the alternative writ, and a demurrer has been filed.

The act by virtue of which the relators were appointed, and under which they claim compensation, is special, and has reference only to the courts of Cook county. The services were rendered by the reporters in a suit pending since the adoption of the present constitution.

The inquiry is, was this act abrogated by the constitution?

On the part of the relators, it is urged that they are authorized by section six of the schedule to continue to exercise and perform the duties of their appointment, until they shall be removed, in the manner prescribed by the laws under which they were appointed. The section of the schedule only authorizes persons to continue to fill any office or appointment unless otherwise directed by the constitution. If the constitution, in any of its provisions, has repealed the law under which the appointment was made, then the appointment must cease.

Section twenty-nine of article six of the constitution provides as follows: "All laws relating to courts shall be general and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform."

We can not regard this provision as only a guide and direction to future legislatures in the enactment of laws concerning the practice of the courts. The courts of Cook county are "*of the same class or grade*" as the courts throughout the State, and are embraced within the provision of the constitution.

What was the object of the constitution, and what the evil intended to be remedied? ·Prior to the adoption of the constitution, the legislature had repeatedly enacted special laws regulating the practice in different circuits; and in the different parts of the State the proceedings and practice of the courts were not only not uniform, but were as diverse as though the several circuits of the State were under different governments and controlled by enactments of different legislatures. It was intended to abrogate all this special legislation, and establish uniformity in the powers, proceedings and practice of all the courts of the State of the same class or grade.

This could only be effected by a repeal of this special legislation. So long as it existed, the uniformity intended could not be established. The framers of the constitution certainly never intended that the repeal should await the action of the legislature. If the legislature refuse or neglect to act, then the evil continues. A constitution designed to remove an existing mischief should never be construed as dependent for its efficacy and operation upon legislative will.

We are of opinion that this provision of the constitution executed itself, and operated *in presenti.*

This conclusion is in accordance with the ruling of this court in the cases of *Hills* v. *The City of Chicago,* 60 Ill. 86, and *The People ex rel.* v. *McRoberts,* 62 id. 38.

The peremptory writ of *mandamus* is denied.

*Mandamus refused.*