## THE STATE ex rel. CITY OF BETHANY v. ALLEN, State Auditor.

**In Banc, February 28, 1905.**

**BOND ISSUE: Two Propositions.** Where the proposition submitted to the people asking for authority to increase the city's indebtedness, in fact contained two propositions, one for the construction of a city hall, and the other for improvement of the waterworks and light plant, the bonds issued in pursuance thereof are invalid. Two propositions to increase the city's indebtedness cannot be united so as to have one assent of the voters answer for both.

### Mandamus.

ALTERNATIVE WRIT QUASHED.

*Winslow & Hopkins* for relator.

The bonds were issued under section 5968, Revised Statutes 1899, which authorizes cities of the fourth class to issue bonds for the erection of a city hall and other public buildings and for furnishing the same, and for the construction of waterworks, electric light plants, etc. In this section there is not a disjunctive. The evident intent of the Legislature was to authorize cities of the fourth class to issue bonds for general improvements and not to require them to submit each item of such improvement to a separate vote.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for respondent.

BRACE, C. J.—This is a proceeding by mandamus to require the respondent, as State Auditor, to register twenty-four bonds, each of the face value of five hundred dollars, issued by the relator, a city of the fourth class, under and in pursuance of ordinances duly enacted and a special election held for that purpose. The proposition voted on at said election was "for said city to become indebted in the sum of twelve thousand dollars in excess of its annual revenue, for the following purposes, to-wit: Forty-five hundred dollars to be used for the purpose of purchasing a site and the erection and construction of a public building thereon or the purhcase of a site and building to be used for a city hall, city prison and hose house and for furnishing the same, and the further sum of seventy-five hundred dollars to be used in making repairs and improvements in waterworks and electric light plant and extension of water mains and electric lines belonging to said city." All this was submitted as a single proposition, on which the voters were required to vote by ballots in the following form: "For increase of debt—yes; For increase of debt—No."

That this submission contained at least two separate and distinct propositions, one for an increase of municipal indebtedness to a certain amount for one purpose, and another for an increase of municipal indebtedness to another and different amount for another and different purpose, is beyond question. And it being manifest that such a submission was in the teeth of the well-recognized principle of law,—"that two propositions cannot be united in the submission so as to have one expression of the vote answer both propositions, as voters thereby might be induced to vote for both propositions who would not have done so if the questions had been submitted singly" (21 Am. and Eng. Ency. of Law (2 Ed.), 47), a principle recognized by this court in the recent case of State ex rel. v. Allen, 178 Mo. 555, the motion to quash the alternative writ was unanimously sustained, orally, by the Court in Banc, on the submission of the case on the twenty-fourth of December, 1904. By which, it was in effect held that the bonds issued in pursuance of such election were invalid, and the Auditor under no obligation to register them. This opinion is written simply to make that ruling more explicit.

All concur except *Lamm, J.,* not sitting.