Argued 7 August, decided 3 September, 1907.

## STEVENS v. BENSON.

91 Pac. 577.

CONSTITUTIONAL LAW—LEGISLATIVE ACTION—DIRECTION—SELF-EXECU-TING PROVISIONS.

1. Const. Or. Art. IV, § 1, as amended in 1902, reserving to the people initiative and referendum powers, and providing for the submission of legislation to the voters of the State or other political subdivision, is self-executing.

SAME—ENFORCEMENT—STATUTES.

2. Laws 1907, p. 399, providing the procedure to facilitate the enforcement of the initiative and referendum powers reserved to the people by Const. Or.

Art. IV, § 1, as amended in 1902, was a proper exercise of legislative power, though the constitutional provision was self-executing.

STATUTES—DIRECTORY PROVISIONS.

3. Laws 1907, p. 399, providing for the carrying into effect of the initiative and referendum powers reserved to the people, provided (section 1) a form of petition, which was required to be substantially followed. The form contained a warning clause that it was a felony for any one to sign any such petition with any name other than his own, or to knowingly sign his name more than once to the same measure, or to sign such petition when he was not a legal voter. Section 2 of same act declares that the form given was not mandatory, and if substantially followed in any petition it will be sufficient, regardless of clerical or mere technical errors. *Held,* that the form, in so far as it contained the warning clause, was merely directory, and that a referendum petition omitting such clause was not thereby fatally defective.

From Marion: WILLIAM GALLOWAY, Judge.

Suit brought by Robert L. Stevens against F. W. Benson, as Secretary of State, to enjoin the filing of a petition, referring to a vote of the people of the State, under the referendum provision of the constitution, an act passed by the legislature February 16, 1907 (Laws 1907, pp. 53, 54) providing for the custody and control of persons confined in county jails, etc.

From a decree in favor of plaintiff, defendant appeals.

For appellant there was a brief over the names of *Mr. Andrew M. Crawford, Mr. Lionel R. Webster* and *Mr. Seneca Smith,* and oral arguments by *Messrs. Crawford, Webster* and *Smith.*

For respondent there was a brief with oral arguments by *Mr. Dan J. Malarkey* and *Mr. John F. Logan.*

REVERSED: SUIT DISMISSED.

Opinion by MR. JUSTICE EAKIN.

1. On May 18, 1907, there was filed in the office of the Secretary of State a petition for referring to a vote of the people of the State, under the referendum provision of the constitution, an act passed by the legislative assembly in February, 1907, providing for the custody and control of persons confined in county jails, etc.; and this suit was brought by plaintiff to enjoin defendant, as Secretary of State, from filing said petition tendered. Demurrer to the complaint was overruled, and final decree thereupon rendered enjoining the filing of the petition.

The objection to the petition was that it did not contain the warning clause required by section 1 of the act of the legislative assembly of 1907 (Laws 1907, 399), which provides for carrying into effect the initiative and referendum. Section 1 of that act provides:

"The following shall be substantially the form of petition for the referendum to the people on any act passed by the legislative assembly of the State of Oregon, or by a city council:

### " 'WARNING.

" 'It is a felony for any one to sign any initiative or referendum petition with any name other than his own, or to knowingly sign his name more than once for the same measure, or to sign such petition when he is not a legal voter.

### " 'PETITION FOR REFERENDUM.

" 'To the Honorable .........., Secretary of State for the State of Oregon (or to the Honorable ........ Clerk, Auditor, or Recorder, as the case may be, of the City of ......):

" 'We, the undersigned citizens and legal voters of the State of Oregon (and the district of ........, County of ........, or City of ........, as the case may be), respectfully order that the Senate (or House) Bill No..... entitled (title of act, and if the petition is against less than the whole act then set forth here the part or parts on which the referendum is sought), passed by the ...... legislative assembly of the State of Oregon, at the regular (special) session of said legislative assembly, shall be referred to the people of the State (District of .........., County of ..........., or City of.........., as the case may be), for their approval or rejection, at the regular (special) election to be held on the ........ day of ............, A. D. 19...., and each for himself says: I have personally signed this petition. I am a legal voter of the State of Oregon, and (District of ........... County of ........, City of ........, as the case may be). My residence and post office are correctly written after my name.'   *   *

"Sec. 2.  *   *   * The forms herein given are not mandatory, and if substantially followed in any petition it shall be sufficient, disregarding clerical and merely technical errors."

The provisions of the constitution involved are as follows: Section 1, Art. IV, amendment of 1902, namely:

"The legislative authority of the State shall be vested in a legislative assembly, consisting of a Senate and House of Representatives, but the people reserve to themselves power to propose laws and amendments to the constitution and to enact or reject the same at the polls, independent of the legislative assembly and also reserve power at their own option to approve or reject at the polls any act of the legislative assembly. The first power reserved by the people is the initiative, and not more than eight per cent. of the legal voters shall be required to propose any measure by such petition, and every such petition shall include the full text of the measure so proposed. Initiative petitions shall be filed with the Secretary of State not less than four months before the election at which they are to be voted upon.

The second power is the referendum, and it may be ordered (except as to laws necessary for the immediate preservation of the public peace, health, or safety), either by the petition signed by five per cent. of the legal voters, or by the legislative assembly, as other bills are enacted.

Referendum petitions shall be filed with the Secretary of State not more than ninety days after the final adjournment of the session of the legislative assembly which passed the bill on which the referendum is demanded. * * Petitions and orders for the initiative and for the referendum shall be filed with the Secretary of State, and in submitting the same to the people he, and all other officers, shall be guided by the general laws and the act submitting this amendment until legislation shall be especially provided therefor."

The question arises: Is this section of the constitution self-executing? A constitutional provision is said to be self-executing if it enacts a sufficient rule by means of which the right given may be enjoined and protected. The language used, as well as the object to be accomplished, is to be looked into in ascertaining the intention of the provision. As said in *Willis* v. *Mabon,* 48 Minn. 140 (50 N. W. 1110: 16 L. R. A. 281: 31 Am. St. Rep. 626):

"The question in every case is whether the language of a constitutional provision is addressed to the courts or the legislature. Does it indicate that it is intended as a present enactment. complete in itself as definitive legislation, or does it contemplate subsequent legislation to carry it into effect? This is to be determined from a consideration both of the language

used and the intrinsic nature of the provision itself. If the nature and extent of the right conferred and of the liability imposed are fixed by the provision itself so that they can be determined by the examination and construction of its own terms, and there is no language used indicating that the subject is referred to the legislature for action, then the provision should be construed as self-executing."

To the same effect are *Acme Dairy Co.* v. *City of Astoria,* 49 Or. 520 (90 Pac. 153) ; *Swift* v. *City of Newport,* 105 Va. 108 (3 L. R. A. (N. S.) 404, 52 S. E. 521) ; *Taylor* v. *Hutchinson,* 145 Ala. 202 (40 South. 108) ; *Logan* v. *Parish of Ouachita,* 105 La. 490 (29 South. 975). As expressed by one court, whether it is intended thereby to declare personal rights of a citizen or to define a rule for the government of the legislature; and, if the former, it is legislative, and needs no legislation to give it force. It is plainly expressed in the provision itself in this case that its reserved rights are to be independent of the legislature, and is sufficiently specific that it may be carried out without legislative aid (*Logan* v. *Parish of Ouachita,* 105 La. 499 (29 South. 975) ; and in the last clause it provides that the Secretary of State, in submitting to the people the matter referred, shall be governed by the general laws until further provision is made by the legislature, thus not only contemplating that such legislation is not necessary as to procuring and presenting the petition, but also forestalling any possibility of defeat, by inaction of the legislature in regard to the manner of its submission to the people. As said in *Willis* v. *Mabon,* 48 Minn. 140 (31 Am. St. Rep. 626: 16 L. R. A. 281: 50 N. W. 1110) ; "The object being to put it beyond the power of the legislature to render them nugatory by refusing to enact legislation to carry them into effect." If it were not self-executing, even though it were mandatory upon the legislature to make provision to carry it into effect, there is no power to compel it to do so. The exercise of that power in any particular case must depend on the volition of the legislature: Cooley Const. Lim. (7 ed.) 121; *In re State Census,* 6 S. D. 540 (62 N. W. 129) ; *People ex rel.* v. *Rumsey,* 64 Ill. 44.

50 Or. —— 18

Thus a strong reason appears why it was intended to be self-executing, and it should be so considered.

2. But, when a provision of the constitution is self-executing, legislation may be desirable for the better protection of the right secured and to provide a more specific and convenient remedy for carrying out such provision, and it is plain that the statute in question, was intended for that purpose, and reduces to a system and simplifies the proceeding; makes every step definite, as well as placing safeguards around it to protect it from abuse, without curtailing the right or placing any undue burdens upon its exercise. As said by Judge Cooley, in his work on Constitutional Limitations (page 122), a constitutional provision that is self-executing may admit of supplementary legislation in particulars wherein itself it is not as complete as may be desirable. It will also override and nullify whatever legislation, either prior or subsequent, would defeat or limit the right: *Reeves* v. *Anderson,* 13 Wash. 17 (42 Pac. 625) ; *Beecher* v. *Baldy,* 7 Mich. 488; *Willis* v. *Mabon,* 48 Minn. 140 (50 N. W. Rep. 1110: 16 L. R. A. 281: 31 Am. St. Rep. 626) ; *Swift* v. *City of Newport News,* 105 Va. 108. And so the legislature may enact laws to facilitate the enforcement of constitutional provisions that are self-executing, and such laws will be obligatory upon the court when intended by the legislature to be mandatory, so long as they do not curtail the rights reserved or exceed the limitations specified therein: Ordronaux, Const. Leg. 262-265; *People* v. *Draper,* 15 N. Y. 532. Cooley's Constitutional Limitations (7 ed.), 126, lays down a fundamental rule as to the power of the legislature in such cases as follows: "In creating a legislative department and conferring upon it the legislative power, the people must be understood to have conferred the full and complete power as it rests in and may be exercised by the sovereign power of any country, subject only to such restrictions as they may have seen fit to impose and to the limitations which are contained in the Constitution of the United States. The legislative department is not made a special agency for the exercise of spe-

cifically defined legislative powers, but is intrusted with the general authority to make laws at discretion." And in *Willis* v. *Mabon, supra,* the court holds, that the remedy for enforcement of a self-executing constitutional right is always within the control of the legislature to modify, change, or make exclusive, provided only it remains adequate, but is beyond the power of the legislature to defeat its object: *Hickman* v. *City of Kansas,* 120 Mo. 110 (25 S. W. 225: 23 L. R. A. 658: 41 Am. St. Rep. 684).

3. It is claimed by defendant, however, that the statute in this case, in so far as it relates to the warning clause contained in the form for the petition, is directory only, and that it constitutes no element of the petition proper, and therefore its omission from the petition in this case is not fatal. The statute has not in terms enacted that there shall be a warning clause upon the petition, but only in giving the form of the petition included a warning therein, which it provides "shall be substantially the form of petition," and further provides that "the forms herein given are not mandatory, and if substantially followed in any petition it will be sufficient, disregarding clerical and merely technical errors." This part of the statute is only a provision of a form to aid in carrying out a right already existing independent of the statute, and expressly states that it is not mandatory: Lewis' Sutherland, Stat. Const. § 627, says:

"When the proceeding is permitted by the general law, and an act of the legislature directs a particular form and manner in which it shall be conducted, then it will depend on the terms of the act itself whether it shall be considered merely directory, subjecting the parties to some disability if it be not complied with, or whether it shall render the proceeding void."

If the legislature creates a right, and at the same time prescribes the mode of its exercise, then such mode would be mandatory and exclusive; but when the right exists, and may be exercised effectually without such provision; and the legislative provision only relates to its better enforcement, the intention of such provision must be gathered from the act and

its declared purpose whether it shall be construed mandatory
or directory.    Section 611 of Sutherland, Stat. Const., pro-
vides:

"Unless a fair consideration of a statute directing the mode
of proceeding of public officers shows that the legislature in-
tended compliance with the provision in relation thereto to he
essential to the validity of the proceedings it is to be regarded
as directory merely.   Those directions which are not of the es-
sence of the thing to be done but which are given with a view
merely to the proper, orderly and prompt conduct of the busi-
ness and by the failure to obey which the rights of those
interested will not be prejudiced, are not commonly to be
regarded as mandatory and if the act is performed, but not in
the time or in the precise mode indicated, it will still be suffi-
cient if that which is done accomplishes the substantial pur-
poses of the statute."

To the same effect are 23 Am. & Eng. Enc. Law (1 ed.).
458; *Thomson* v. *Harris,* 88 Hun, 481 (34 N. Y. Supp. 885);
*Custer County* v. *Yellowstone County,* 6 Mont. 39 (9 Pac.
586).    Negative words, or words of prohibition, or a penalty
affixed to the requirements of a statute make such provision
mandatory, and must be complied with or where the require-
ment is a necessary element of the thing to be done, or affects
the rights or burdens of the persons interested, it must be ob-
served.   *People* v. *Supervisors of Ulster,* 34 N. Y. 268; *Cor-
bett* v. *Bradley,* 7 Nev. 108.   But the directions in a statute
which are not of the essence of the thing to be done, but which
are given with a view to the orderly and prompt conduct of the
business, and by a failure to do which the rights of those in-
terested will not be prejudiced, are not commonly to be re-
garded as mandatory: 5 Words and Phrases, 4332; *Custer
County* v. *Yellowstone County,* 6 Mont. 39 (9 Pac. 586);
*Bladen* v. *Philadelphia,* 60 Pa. 464.   But there is an absence
of anything indicating an intention that it shall be mandatory.
On the contrary, it is clear that it is only directory.   It is not
of the essence of the thing to be done, viz.: Direct the Secre-
tary of State to submit to the vote of the people at the next
election the act known as "House Bill No. 243."   There is no
affirmative provision for it in the act, nor negative or prohibi-

tive words relating thereto, and the statement following the forms that they shall not be mandatory leads us to the conclusion that the statute providing the warning clause in the form of petition is only directory, and its omission from the petition does not render it void; and the Secretary of State properly received the same for filing, and the lower court erred in overruling the demurrer and in granting the injunction.

Therefore the decree of the lower court is reversed, and, this being the only question involved in the case, decree will be entered here dissolving the injunction and dismissing the case.

REVERSED.

Mr. Chief Justice BEAN did not take part at the hearing of this case and *Palmer* v. *Benson,* being a regent of the University of Oregon, the party interested in the latter case, and the question here decided being involved in both.