Argued 8 August, decided 3 September, 1907.

## PALMER *v.* BENSON.

91 Pac. 577.

STATUTES—REFERENDUM—PETITION.

Laws 1907, p. 399, § 1, provides a form of petition for the carrying into effect of the referendum powers reserved to the people, and section 2 declares that every sheet of the petition for petitioners' signatures shall be attached to a full and correct copy of the title and text of the measure so proposed by the initiative petition, but such petition may be filed with the Secretary of State in numbered sections, for convenience in handling, and referendum petitions shall be attached to a full and correct copy of the measure on which the referendum is demanded and may be filed in numbered sections in like manner. *Held*, that, while an initiative petition is required to contain a correct copy of the title of the act, a referendum petition containing a full and correct copy of the act without the title is sufficient.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE EAKIN.

On the 23d day of May, 1907, the plaintiffs and others presented to the Secretary of State for filing a petition directing a reference to the people, under the referendum provision of the constitution, a measure passed by the legislative assembly in February, 1907, known as "House Bill No. 37," to increase the annual appropriation for the support of the Univer-

sity of Oregon.  Defendant refused to receive or file the said petition, and the plaintiffs bring this proceeding by mandamus to compel defendant to file said petition.  Defendant answered to the writ of mandamus, denying the allegations of the same and alleging affirmatively that said petition is not in the form prescribed by section 1 of the act of the legislative assembly of 1907 (Laws 1907, p. 399), providing for carrying out the initiative and referendum, in that it did not contain the warning clause provided for in said act, and further, that it does not contain a full and correct copy of the title and text of the measure sought to be referred.  A reply was filed to the answer, and the cause tried in the court below upon the pleadings alone, and only two questions raised by the answer are suggested upon this appeal.

The objection made by defendant that the petition does not contain the warning clause provided by the statute, has been fully considered in the case of *Stevens* v. *Benson,* 50 Or. 269 (91 Pac. 577), just decided, and the decision in that case disposes of the objection here adversely to defendant.  The only other question for consideration is whether the petition for the referendum must be attached to a full and correct copy of the title and text of the measure to be referred, or whether a full and correct copy of the text of the measure is sufficient.

REVERSED AND REMANDED.

For appellants there was a brief and oral arguments by *Mr. Tilmon Ford* and *Mr. Myron E. Pogue.*

For respondent there was a brief and oral arguments by *Mr. Andrew M. Crawford* and *Mr. George G. Bingham.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The constitutional provision and the form of petition provided by the statute, upon which the proceeding is based, are set out in full in *Stevens* v. *Benson,* 50 Or. 269 (91 Pac. 577).  Section 2 of the act to provide for carrying into effect the initiative and referendum (Laws 1907, p. 399), so far as it relates to the question here discussed, is:

"Every such sheet for petitioners' signatures shall be attached to a full and correct copy of the title and text of the measure so proposed by the initiative petition; but such petition may be filed with the Secretary of State in numbered sections for convenience in handling, and referendum petitions shall be attached to a full and correct copy of the measure on which the referendum is demanded and may be filed in numbered sections in like manner. Not more than twenty signatures on one sheet shall be counted," etc.

The petition in this case did contain a full and correct copy of the text of the act, but erroneously gave the title of the act as "A bill for an act to increase the annual appropriation for the support and maintenance of the University of Oregon," when the real title of the act as passed is "An act to amend Section 3529 of Bellinger & Cotton's Annotated Codes and Statutes of Oregon, by increasing the annual appropriation for the support and maintenance of the University of Oregon," and this discrepancy in setting out the title of the act is the ground assigned for the insufficiency of the petition. The purpose of the title to a bill or measure before the legislature is, as stated in *Clemmensen* v. *Peterson,* 35 Or. 48 (56 Pac 1016) :

"To prohibit the legislature from combining in one act subjects wholly incongruous, diverse in their nature, and having no perceptible or necessary connection with each other, and to obviate the practice of inserting in an act clauses involving matter of which the title is not calculated or adequate to give or convey any intimation. Thus it was designed by the framers of the constitution that in every case the proposed measure should stand upon its own merits, and that the legislature should be fairly satisfied of its purpose by an inspection of the title, when required to pass upon it, so as not to be surprised or misled by the subject which the title purported to express."

Neither the reason nor the necessity for such a title to a bill before the legislature exists with reference to the referendum proceeding. The purpose of the petition for referendum is to identify a particular enactment of the legislative assembly which the petitioners desire to have referred to the people —a question of identity, not of legislation. There is a dis-

tinction in that regard between the referendum and the initiative, in which latter legislation is initiated and the whole matter must be formulated just as it is to be submitted to the people, while in the referendum it is only a question of the approval or disapproval by the people of what the legislature has already enacted as a law. Section 1 of Article IV of the Constitution of Oregon recognizes this distinction by providing that the initiative petition shall "include the full text of the measure," while as to the referendum no reference is made as to the manner in which the measure shall be mentioned in the petition. Section 2 of the legislative act of 1907 (Laws 1907, p. 400) recognizes the same distinction, providing that the initiative petition "shall be attached to a full and correct copy of the title and text of the measure," etc., and "a referendum petition shall be attached to a full and correct copy of the measure," etc. And when we consider the purpose of the petition, namely, to bring to the attention of the Secretary of State a particular act for reference to the people, a petition that will identify such act and shall be sufficiently plain, that neither the signers of the petition nor the Secretary of State may be mistaken as to what is meant, will accomplish all that the constitution contemplates, and the "full text of the measure" fills this requirement.

Considering this fact in connection with the constitutional requirement as to the contents of the initiative petition, as compared with those of referendum petition, helps to explain the difference in such requirements as prescribed by the statute. There can be no doubt that the term "measure," as used here, means an act as it comes from the hands of the legislature at the close of the session, complete so far as it is concerned. It is the enactment with which we have to do, and we do not think that the term "measure," in this connection, necessarily includes the title of the act; but, if the term is broad enough to do so, it is immaterial. The title is not an element to be submitted to the voter, or even considered by him. The measure is to be placed upon the ballot only by a ballot title

in the nature of a statement of the purpose of the measure, and the legislature could have no purpose in requiring that the title of the act should be contained in the petition, other than as a matter of identity, which they evidently considered complete without it. In the form of petition prescribed by the statute provision is made for inserting the title of the act, but in that particular the form is only suggestive. It contemplates placing the act in the body of the petition, at least when less than the whole act is attacked; but clearly the legislature did not so intend. The initiative petition is not so arranged and the statute does not contemplate it, but provides that the "referendum petitions shall be attached to a full and correct copy," etc. Evidently the petition must be on every sheet on which signatures are placed, but the act will be on a separate sheet, as clearly appears further on in said Section 2, so that the mention of the title of the act in the form for the petition can only be taken as suggestive, and is of but very little aid in interpreting the text of this statute. It must be conceded that the legislature intended to make a distinction between the manner of setting out the act in initiative petitions and in referendum petitions, as in relation to the former it declares that the petition shall contain a copy of the title and text of the measure, and as to the referendum petition, being a part of the same sentence, it shall contain a copy of the measure, and we deem it a compliance with the requirement of the statute to attach the referendum petition to a full and correct copy of the text of the measure.

The judgment of the lower court will be reversed, and the cause remanded, with directions to said court to make peremptory the mandate of the alternative writ.

REVERSED AND REMANDED.

Mr. Chief Justice BEAN did not take part at the hearing of this case, being a regent of the University of Oregon, the real party interested herein.