Submitted on briefs June 8, affirmed July 13, 1920.

## NOONAN *v.* SEASIDE.

(191 Pac. 651.)

**Municipal Corporations—Amendment to Charter Embraced Only One Subject.**

1. An amendment to a charter authorizing the issuance of bonds for four different improvements embraced but one subject.

**Municipal Corporations—Voters not Required to Vote Separately on Each Provision or Amendment to Charter.**

2. The legal voters of a municipality are not required by the Constitution to vote separately on each division of a proposed municipal charter or an amendment thereto.

**Municipal Corporations—Electors of City may Legislate Under Constitution and Laws.**

3. What legislature of the state could formerly enact as to matters which pertained strictly to municipal affairs or to intramural transactions, the electors of a city in a proceeding in conformity with Article II, Section 2, of the Constitution and Article IV, Section 1a, and the statutes enabling the same, may now enact, subject to the Constitution and general laws of the state.

**Appeal and Error—Grounds of Invalidity of Amendment to City Charter must be Pointed Out Below.**

4. Irregularities in adopting a city charter amendment not referred to in a complaint and not passed on by the trial court are not before the court on appeal.

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.

This is a suit brought by plaintiff, E. P. Noonan, in his own behalf, and also for the benefit of all taxpayers and owners of property liable to taxation in

the City of Seaside, a municipal corporation in Clatsop County, Oregon.

On February 17, 1920, at a regular meeting of the common council of the City of Seaside, the council passed a resolution which, among other things, provided for a proposed charter amendment to be submitted to the voters of the City of Seaside at a special election to be held on Monday, March 1, 1920. Thereafter upon due notice of the election, the defendant, City of Seaside, held a special election, as provided for in the resolution, for the purpose of voting upon the amendment of the charter of the City of Seaside. The ballot title for the election was as follows:

"Charter Amendment Submitted to the Voters by the Council.

"An Act

"To amend Section 22 of the present charter of the City of Seaside, authorizing the City of Seaside to issue General Improvement Bonds in the sum of two hundred and sixty-three thousand dollars, and to construct and maintain a pier extending from the west end of Broadway into the Ocean; also to extend Roosevelt Drive to Avenue "M" and to improve same; also to construct a public walk or way over and along that strip of land lying between the Boardwalk and low water in the Pacific Ocean, and Avenue "U" and Twelfth Avenue, and to construct thereon bulkheads and retaining walls and to construct parks thereon and otherwise beautify same, and to construct and maintain a fire alarm system, or systems with equipment; also ratify the bond issue under the amendment of Section 22 of the City Charter, as adopted at the special election held in said City, March 29th, 1919.

"100 Yes.
"101 No."

97 Or.—5

At the election the majority of the votes, 217, were cast in favor of the adoption of the amendment, and 30 votes against the same. Thereafter, on March 2, 1920, the defendant E. N. Hurd, mayor of the City of Seaside, proclaimed the result.

By the charter amendment the legal voters authorized the City of Seaside, through its officers, to issue and dispose of General Improvement Bonds of the City of Seaside, of such denominations as the councilmen from time to time might determine, to the amount of $263,000. The charter amendment provided that each of the bonds should become a direct general obligation of the City of Seaside and be known as City of Seaside General Improvement Bonds. The sum of $263,000, derived from the sale of these bonds, is to be expended for four separate improvements, which are as follows: 1. The sum of $60,000 for the construction and maintenance of an ocean pier extending from or near the end of Broadway Street in the City of Seaside out into the Pacific Ocean; 2. The sum of $108,000 for the construction of a municipal highway or street in the City of Seaside to be known and designated as the Roosevelt Drive, extending from the south line of Broadway Street to Avenue "M"; 3. The sum of $85,000 for acquiring right of way and construction of walks, parks, bulkheads, and retaining walls along the ocean front; 4. The sum of $10,000 for construction and equipment of a fire-alarm system with necessary wire connections and attachments.

Plaintiff brought this suit for the purpose of restraining the City of Seaside and each of the defendants herein, from attempting to issue any bonds of the City of Seaside for any of the purposes stated in the attempted charter amendment, and from carrying

into effect any of the provisions of the charter amendment. ·

The plaintiff set forth all of the proceedings in his complaint, and further alleged that the charter amendment and the election are null and void, upon the ground that the amendment attempted to authorize the defendant, City of Seaside, to incur indebtedness by the issuance of bonds for four separate improvements, all combined and incorporated in one amendment.

A demurrer was interposed by defendants to this complaint which was sustained by the trial court. Plaintiff appeals and seeks to reverse this decision.

AFFIRMED.

For appellant there was a brief submitted over the name of *Mr. Edw. C. Judd.*

For respondents there was a brief prepared and submitted by *Mr. Victor J. Miller,* City Attorney, and *Messrs. G. C. & A. C. Fulton.*

BEAN, J.—The case comes to this court for a review of the decision of the lower court in sustaining the demurrer to the complaint. But one reason is alleged in the complaint why the charter amendment in question is invalid. Plaintiff urges that it is repugnant to Article IV, Section 20, of the Constitution of Oregon, which provides that—"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. * * "

It is contended on behalf of defendants that the provisions of Article IV, Section 20, of the state Constitution, have no application to charter amendments enacted by the legal voters of a municipality, nor do

ordinances adopted by a municipality, citing 38 Cyc. 378; *State* v. *Langworthy,* 55 Or. 303 (104 Pac. 424, 106 Pac. 336); *Colby* v. *City of Medford,* 85 Or. 485, 508 (167 Pac. 487); *Wagoner* v. *City of La Grande,* 89 Or. 192, 199 (173 Pac. 305); *Ex parte Haskell,* 112 Cal. 412 (44 Pac. 725, 32 L. R. A. 527); *City of Tarkio* v. *Cook,* 120 Mo. 1 (25 S. W. 202, 41 Am. St. Rep. 678).

1, 2. It is, however, unnecessary to decide whether the section of the Constitution referred to is applicable to such proceeding or not, as according to our view the title of the act, and the ballot title, and the act amending the charter of Seaside, embraced but one subject and matters properly connected therewith. This subject is expressed in the title of the act and in the amendatory act. In *Wagoner* v. *City of La Grande,* 89 Or. 192 (173 Pac. 305), the title of the act was "An Act to amend the charter of the City of La Grande, in Union County, State of Oregon," and did not in any way indicate the nature of the proposed amendment. In the amendment of the charter of the City of Seaside by the legal voters, now under consideration, the subject of the act is the amendment of Section 22 of the charter of the City of Seaside. This is followed by a plain and concise statement of the purport of the amendment, as will be observed from the ballot title. There is no authority that we have discovered which holds that the legal voters of a municipality are required by the Constitution to vote separately upon each different provision of a proposed municipal charter, or an amendment thereto. Such a requirement would render it practically impossible, or at least exceedingly difficult and cumbersome, to enact a city charter. There are many provisions usually contained in such an instrument. To hold that there should be one

separate amendment to provide for the improvement of streets, another for other city improvements, another for prescribing the authority of the officials of the municipality, another to authorize the prevention of livestock from running at large in the city, another to empower the impounding of dogs, and so on through the usual category of powers and privileges usually conferred upon a municipality, would require proceedings beyond the pale of the letter and intent of our Constitution. All such provisions, when a new charter is enacted, may properly be embraced in one act; and in the amendment of a section of such a charter all appropriate provisions of such an amendment may well be included in one act, where the matter as in this instance is plainly and fairly submitted to the electors and is entirely free from fraud or deceit.

3. The authorities and cases cited and relied upon by plaintiff such as 21 Am. & Eng. Enc. of Law, page 47, and *State ex rel.* v. *Allen,* 186 Mo. 673 (85 S. W. 531), are where the courts were considering the execution or application of powers conferred upon municipalities. In the present case we have to deal with an enactment of a charter authority conferring a power upon the council of the City of Seaside. The council is not compelled by the charter to execute the power conferred nor issue the bonds for the purpose of making the city improvements. That matter is left to the city council, and in the exercise of such authority it is fairly to be presumed that the members of that body would be responsible to the will of the people of the city. In the enactment of charter provisions by the electors of the municipality, pertaining strictly to municipal affairs, they exercise a power reserved and conferred directly to them by the Constitution, Article II, Section 2, and Article

IV, Section 1a, and take the place of the legislature in enacting or amending a municipal charter prior to the "Home Rule" amendment. What the legislature of the state could formerly enact as to matters which pertain strictly to municipal affairs, or to intramural transactions, the electors of a city, in a proceeding in conformity with the Constitution and statutes enabling the same, may now enact, subject to the Constitution and criminal laws of the state: *Brown* v. *Silverton, post,* 000 (190 Pac. 971). Under the old regime, the legislature in creating municipal corporations, and in amending municipal charters, did so as one act. For a full discussion of the powers of municipalities, we refer to the opinion of Mr. Justice HARRIS, in *State ex rel.* v. *Port of Astoria,* 79 Or. 1–26 (154 Pac. 399), which leaves nothing to be said.

In speaking of the subject or scope of an act, Judge SUTHERLAND, in his work on Statutory Construction, Volume 1 (2 ed.), Section 117, says:

"There is no constitutional restriction as to the scope or magnitude of the single subject of a legislative act. One to establish the government of the state embraces but a single subject or object, yet it includes all its institutions, all its statutes. The unity of such an act, covering the multiform concerns of a commonwealth, is the congruity of all the details as parts of one 'stupendous whole,' of one government. That is the grand subject of such a statute or system of laws; it is equally the object of all its varied titles of chapters and sections."

The charter amendment in question conferred authority upon the officials of the City of Seaside to issue bonds in a proper manner for municipal improvements and subject the property, liable to taxation within the city, to the payment thereof.

4. Other questions are discussed in the brief of plaintiff, which are not referred to in the complaint, and were not passed upon by the trial court, and are not before this court. As stated by Mr. Justice McCAMANT in *Wagoner* v. *City of La Grande,* 89 Or., at page 198 (173 Pac. 305), referring to the amendment of the charter of the City of La Grande, "if they claim it is invalid for any reason, they should point out the ground of the invalidity." So in the case at bar, if there were any other irregularities in adopting the charter amendment, it is incumbent upon plaintiff to point out any grounds he may claim invalidates the proceedings.

There was no error of the trial court in sustaining the demurrer to the complaint.

The judgment of the lower court will therefore be affirmed.                                    AFFIRMED.